UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK A. CAPOZZI,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>WARDEN NORTON, et al.,<br><br>　　　　　Defendants. | Case No. EDCV 10-0239-AHM (DTB)<br><br>**ORDER RE: MOTION FOR PERMISSION TO FILE ONE ORIGINAL AND ONE COPY OF SECOND AMENDED COMPLAINT; ORDER RE: MOTION TO SEAL; AND ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND** [DOCKET NOS. 32 & 33] |

　　　　Currently pending before the Court are plaintiff's "Motion to Seal and Impound 2nd Amended Complaint and for Court Order and to Seal Attached Affidavit" ("Motion to Seal") and "Motion for Permission to File One Original Copy of Attached 2nd Amended Complaint and for a Return Copy Provided to Plaintiff" ("Motion for Permission"), both of which were filed on December 3, 2010. On the same date, plaintiff also lodged a copy of the proposed Second Amended Complaint ("SAC") and a supporting Affidavit ("Affidavit") signed by plaintiff under penalty of perjury. The gravamen of plaintiff's claims remains essentially the same, to wit, that plaintiff suffered life-threatening injuries as a result of an assault and stabbing by another inmate while incarcerated at the United States Penitentiary in Adelanto,

California ("USP-Victorville"). (SAC at 15-16.) Named as defendants in the SAC are various employees of the Federal Bureau of Prisons ("BOP") at USP-Victorville. (SAC at 4.) The SAC is silent as to the capacities in which the defendants are sued.

## PROCEEDINGS

Plaintiff, a federal inmate currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania, filed a pro se civil rights action herein on February 25, 2010 ("Complaint"). The Complaint was styled as a civil rights complaint, although it was brought pursuant to the Federal Tort Claims Act ("FTCA").

On March 3, 2010, after its initial screening, the Court dismissed the Complaint with leave to amend, on the ground that the allegations of the Complaint were insufficient as plaintiff had failed to allege whether his claims against defendants were made in their official or individual capacity. On March 26, 2010, plaintiff filed his First Amended Complaint ("FAC"). After screening the FAC, on April 6, 2010, the Court dismissed the FAC with leave to amend on the ground that the allegations were insufficient to state a federal civil rights claim against defendants in their official capacities. Thereafter, on April 26, 2010, the District Court issued an Order dismissing the action without prejudice for failure to prosecute. On May 24, 2010, plaintiff filed a document entitled, "Motion to Reconsider the Court's April 26, 2010 Order Re Dismissal of Action for Failure to Prosecute" ("Motion for Reconsideration"). On May 28, 2010, the Court granted the Motion for Reconsideration, and vacated the Order dismissing the action for failure to prosecute.

After plaintiff failed to file a Second Amended Complaint, on August 6, 2010, the Court issued a Report and Recommendation ("R&R") recommending the dismissal of this action with prejudice for failure to prosecute. On August 10, 2010, plaintiff filed a "Request for Status of Motion Filed May 25 to Extend Time for Filing of 2nd Amend. Complaint and for Clarification . . . and Whether or not Court did or

did not Receive or Rule on Said Motion," which by Order, the Court construed as a Request for Extension of Time to file a Second Amended Complaint. On August 17, 2010, the Court granted the Request, vacated the R&R, and ordered plaintiff to file a Second Amended Complaint. On September 13, 2010, plaintiff filed a Second Amended Complaint. However, because the amended complaint failed to comply with Fed. R. Civ. P. 10, the complaint was stricken from the record pursuant to this Court's Order on September 21, 2010.

As noted above, plaintiff filed the instant Motion to Seal and Motion for Permission on December 3, 2010, along with the proposed SAC.

For the reasons discussed hereafter, plaintiff's Motion to Seal is granted in part and denied in part and the Motion for Permission is granted. Further, the SAC must be dismissed with leave to amend for failure to state a claim upon which relief can be granted.

## DISCUSSION

**I.     Plaintiff's SAC and supporting Affidavit shall be filed under seal.**

Generally, there exists a common law right of access to judicial records and documents in civil proceedings. See Hagestad v. Tragesser, 49 F.3d 1430, 1433-34 (9th Cir. 1995). However, this right is not absolute and the court has the authority to exercise its discretion in determining whether access is appropriate. See Nixon v. Warner Communications, Inc., 435 U.S. 589, 598-99, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978). A party seeking to seal a judicial record must demonstrate a compelling reason supported by specific factual findings for overcoming the presumption favoring access to the record. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). In turn, the court should consider the competing interests of the public and the party seeking to keep a judicial record secret. Id. at 1179. Compelling reasons sufficient to outweigh the public interest in disclosure and justify sealing the judicial record exist "when such court files might have become a vehicle

for improper purposes, such as the use of records to gratify public spite, promote public scandal, circulate libelous statements, or release trade secrets." Id. (internal quotation marks and citations omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id.

In the present case, plaintiff alleges, under penalty of perjury, that by filing the SAC, he has been "forced to openly disclose information about certain individuals which places [his] life in absolute and certain exposure to summarily being murdered." (Affidavit at 1-2.) Indeed, as noted, the gravamen of plaintiff's claims arises out of an incident in which plaintiff was severely beaten and stabbed while in federal prison. Without further detailing plaintiff's allegations, and being mindful of plaintiff's concerns regarding further injury and/or retaliation, the Court concludes that, considering the foregoing legal principles, as well as plaintiff's allegations, sealing plaintiff's SAC and the supporting Affidavit is justified under the circumstances. See Nursing Home Pension Fund v. Oracle Corp., No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) (concluding that the protection of confidential witnesses' private information justified sealing certain documents because such witnesses "can be susceptible to retaliation and harassment").

As such, the Court grants the Motion to Seal the SAC and the supporting Affidavit. However, to the extent plaintiff also seeks an order restricting defendants from "possessing, distributing, copying or showing any person, or person(s)" a copy of the SAC, this request is denied as moot. (See Motion to Seal at 2.) As explained below, the SAC must be dismissed with leave to amend because the allegations are insufficient to state a claim for relief. As such, to the extent plaintiff files a Third Amended Complaint, he may also seek to renew this request at that time.

/ / /
/ / /

**II.   Plaintiff is excused from submitting an additional copy of his SAC.**

In his Motion for Permission, plaintiff requests permission to submit a single copy of his SAC rather than three copies. Pursuant to Local Rule 11-4.1, plaintiff was required to submit this original SAC and one copy. It appears plaintiff complied with this requirement.

Plaintiff also requests a conformed copy of his proposed SAC. Under Local Rule 11-4.5, if a party presenting a document for filing in a paper format requests a conformed copy, an extra copy shall be submitted by the party for that purpose, which, in this instance, plaintiff did not do. Nevertheless, considering plaintiff's allegations of potential harm, the Court concludes that plaintiff has provided an adequate justification for failing to submit this additional copy of the SAC. As such, the Court shall provide him the requested copy. In the interest of protecting plaintiff's identity, however, before sending plaintiff a copy of his SAC, plaintiff shall notify the Court whether he still requests this copy. The Court also advises plaintiff that pursuant to Local Rule 11-4.5, plaintiff also was required to provide a postage-paid, self-addressed envelope for the purpose of sending a copy of the SAC to him, which it appears he did not do. In the future, plaintiff must comply with this requirement.

**III.   The SAC must be dismissed with leave to amend.**

Under the terms of the "Prison Litigation Reform Act of 1995," the Court is required to dismiss a complaint at any time if the Court determines that the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2), 1915A(b); see also 42 U.S.C. § 1997e(c)(1).

The Court's screening of the SAC under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) Lack of a cognizable legal theory; or (2)

insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (as amended). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1990) (as amended). Moreover, since plaintiff is appearing pro se, the Court must construe the allegations of the SAC liberally and must afford plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir.1982)).

      Pursuant to Fed. R. Civ. P. 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court has held, Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 n.3, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." See id. at 555 (internal citations omitted); see also Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Thus, plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. See, e.g., Brazil v. U.S. Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v.

Block, 932 F.2d 795, 798 (9th Cir. 1991). Moreover, failure to comply with Rule 8(a) constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

After careful review and consideration of the SAC under the relevant standards, the Court finds that its allegations are insufficient to state a claim. While the Court believes that, based on the allegations of the SAC, the plaintiff may be able to state a cause of action, as currently plead, the SAC is deficient on its face. As such, the Court will afford plaintiff the opportunity to attempt to cure the deficiencies. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a pro se litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment).

### A.     Plaintiff's SAC is currently styled as a FTCA action.

The SAC is currently styled as a complaint for civil damages under the FTCA. The FTCA provides that the United States may be held liable for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be held liable to the claimant in accordance with the law of the place where the action or omission occurred." 28 U.S.C. § 1346(b)(1). However, the United States is the only proper defendant in a suit brought pursuant to the FTCA. F.D.I.C. v. Craft, 157 F.3d 697, 706 (9th Cir. 1998) (per curiam); see also Kennedy v. U.S. Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam) ("[T]he United States is the only proper party

/ / /
/ / /
/ / /

defendant in an FTCA action."). As such, to the extent plaintiff seeks to allege a violation under the FTCA, his claims under this Act must be directed to the United States alone.[1]

### B. Plaintiff has not sufficiently alleged a violation under Bivens.[2]

Based on the allegations of the SAC, it appears plaintiff also may be attempting to assert a Bivens action based on an alleged constitutional violation against the defendant BOP employees.

Under Bivens, the Supreme Court recognizes a private action for damages where federal officers are alleged to have violated a citizen's constitutional rights. See Corr. Services Corp. v. Malesko, 534 U.S. 61, 66, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001); W. Ctr. for Journalism v. Cederquist, 235 F.3d 1153, 1156 (9th Cir. 2000) (per curiam) (Bivens provides that "federal courts have the inherent authority to award damages against federal officials to compensate plaintiffs for violations of their constitutional rights."). As noted, pursuant to Fed. R. Civ. P. 8(a)(2), plaintiff's allegations must contain a short and plain statement of the claim showing that he is entitled to relief, including providing defendants fair notice of what the claim is and the grounds upon which it rests. Bell, 550 U.S. at 555. As currently pled, plaintiff's allegations are insufficient to meet this requirement, including providing defendants with notice of the alleged constitutional violation, such as a violation of his Eighth Amendment rights.

///

---

[1] It is unclear from the SAC whether the United States was named as a defendant in the SAC. To the extent plaintiff files a Third Amended Complaint, he must specifically identify the named defendants.

[2] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

Additionally, as previously explained, a <u>Bivens</u> action for damages will not lie against the United States, agencies of the United States, or federal agents in their official capacity. <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 485-86, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994); <u>see</u> also <u>Ibrahim v. Dep't of Homeland Sec.</u>, 538 F.3d 1250, 1257 (9th Cir. 2008). Rather, a plaintiff may bring a <u>Bivens</u> claim against an offending actor in his individual capacity. <u>See</u> <u>Malesko,</u> 534 U.S. at 72. As currently pled, plaintiff has failed to allege whether his claims against defendants are made in their official or individual capacities. As such, the defendants, as employees of the United States, are immune from liability to the extent that they are sued in their official capacity. As previously advised, plaintiff must specify whether he is suing defendants in their individual capacity only. Plaintiff has failed to do so, and, as such, the Court cannot conclude that the SAC states a viable cause of action.

Finally, plaintiff must exhaust his administrative remedies prior to filing a civil rights action. <u>See</u> 42 U.S.C. § 1997e(a). The United States provides an administrative remedy process through which BOP inmates may seek formal review of an issue relating to any aspect of their confinement. <u>See</u> 28 C.F.R. § 542.10. In order to exhaust available administrative remedies within this system, an inmate must proceed through four levels of review, which includes an informal request, a formal request, an appeal to the Regional Director, and finally an appeal to the General Counsel. <u>See</u> 28 C.F.R. §§ 542.13-542.15. Plaintiff has not alleged that he exhausted his administrative remedies through the BOP's administrative remedy process.

### IV.   <u>The appointment of counsel</u>

The Court previously advised plaintiff that it was in the process of identifying counsel willing to represent him in this matter. The Court has continued to attempt to find counsel willing to represent plaintiff, at least in a limited capacity. However, to date, the Court has been unable to identify such counsel. Once such counsel, if any, has been identified, the Court will appoint the same.

# ORDER

For the foregoing reasons, IT IS THEREFORE ORDERED as follows:

(1) Plaintiff's Motion to Seal the SAC and Affidavit is GRANTED. The Clerk is directed to file plaintiff's SAC and supporting Affidavit under seal.

(2) Plaintiff's Motion to Seal to the extent he requests an order prohibiting the dissemination of the SAC is DENIED without prejudice.

(3) Plaintiff's Motion for Permission is GRANTED. In the interest of protecting plaintiff's identity, prior to sending plaintiff a conformed copy of his SAC, the Court ORDERS plaintiff to notify the Court whether he still requests this copy within 15 days of the service date of this Order.

(4) Plaintiff's SAC is DISMISSED with leave to amend. Plaintiff's Third Amended Complaint shall be filed within 45 days of the service date of this Order. If plaintiff chooses to file a Third Amended Complaint, it should bear the docket number assigned in this case; be labeled "Third Amended Complaint"; and be complete in and of itself without reference to the original Complaint, the FAC, the SAC, or any other pleading, attachment or document. **Plaintiff is admonished that, if he fails to timely file a Third Amended Complaint, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

DATED: September 23, 2011

_/s/ David T. Bristow_
THE HONORABLE DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE