1  ANDRÉ BIROTTE JR.
   United States Attorney
2  LEON W. WEIDMAN
   Assistant United States Attorney
3  Chief, Civil Division
   ERIKA JOHNSON-BROOKS
4  Assistant United States Attorney
   California Bar Number: 210908
5       Federal Building, Suite 7516
        300 North Los Angeles Street
6       Los Angeles, California 90012
        Telephone: (213) 894-0474
7       Facsimile: (213) 894-7819
        Erika.Johnson@usdoj.gov
8
   Attorneys for Defendant
9  United States of America

10                 UNITED STATES DISTRICT COURT

11           FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

13  DEREK A. CAPOZZI,                No. EDCV 10-00239 AHM (DTB)

14              Plaintiff,

15         v.                        **ANSWER TO FOURTH**
                                     **AMENDED COMPLAINT**
16  UNITED STATES OF AMERICA,

17              Defendant.

18

19       Defendant, United States of America (hereinafter

20  "Defendant"), in response to Plaintiff's Complaint (hereinafter

21  "Complaint"), and without waiving the below-listed affirmative

22  defenses, hereby admits, denies and answers the Complaint as

23  follows:

24       1.   Answering the allegations in paragraph one, Defendant

25  states that this paragraph contains Plaintiff's allegations

26  regarding jurisdiction to which no response is required. To the

27  extent that a response is required, Defendant admits these

28  allegations.

         2.   Answering the allegations in paragraph two, Defendant

states that this paragraph contains Plaintiff's allegations set

regarding venue to which no response is required.  To the extent

that a response is required, Defendant admits these allegations.

3.   Answering the allegations in paragraph three, Defendant

admits that Plaintiff was incarcerated at USP Victorville, which

is located in Adelanto, California and operated by the Federal

Bureau of Prisons, on May 18, 2008.  Defendant admits that

Plaintiff is currently incarcerated at USP Lewisburg located in

Lewisburg, Pennsylvania.

4.   Answering the allegations in paragraph four, Defendant

admits these allegations.

5.   Answering the allegations in paragraph five, Defendant

admits these allegations.

6.   Answering the allegations in paragraph six, Defendant

avers that USP Victorville is a high security facility which

houses male inmates.

7.   Answering the allegations in paragraph seven, Defendant

states that this paragraph contains Plaintiff's legal conclusions

and characterization of his action to which no response is

required.  To the extent that a response is required, Defendant

denies these allegations.

8.   Answering the allegations in paragraph eight, Defendant

states that this paragraph contains Plaintiff's legal conclusions

and characterization of his action to which no response is

required.  To the extent that a response is required, Defendant

denies these allegations.

9.   Answering the allegations in paragraph nine, Defendant

admits these allegations.

10.   Answering the allegations in paragraph ten, Defendant avers that metal detectors are located at the entrance of each housing unit at USP Victorville with the exception of the Special Housing Unit.

11.   Answering the allegations in paragraph eleven, Defendant avers that current general post orders for the housing units at the Federal Correctional Complex at Victorville, California indicate that the unit officer should monitor incoming and outgoing traffic of the housing units, randomly conducting pat searches and if a metal detector is present, ensuring each inmate is clearing it.  Defendant currently lacks sufficient information to form a belief as to the truth of the allegations regarding May 18, 2008 protocol and therefore denies allegations referring to protocol in place during that time.

12.   Answering the allegations in paragraph twelve, Defendant avers that current general post orders for housing units at the Federal Correctional Complex at Victorville, California indicate that the unit officer should monitor incoming and outgoing traffic of the housing units, randomly conducting pat searches and if a metal detector is present, ensuring each inmate is clearing it.  Defendant currently lacks sufficient information to form a belief as to the truth of the allegations regarding May 18, 2008 protocol and therefore denies allegations referring to protocol in place during that time.

13.   Answering the allegations in paragraph thirteen, Defendant avers that current general post orders for housing units at the Federal Correctional Complex at Victorville, California indicate that the unit officer should monitor incoming

and outgoing traffic of the housing units, randomly conducting
pat searches and if a metal detector is present, ensuring each
inmate is clearing it.  Currently, if a metal detector sounds an
alert tone, an officer should request another staff member to
assist him/her with a wall search of the inmate in the Unit
Officer's Office, but Defendant lacks sufficient information to
form a belief as to the truth of the allegations regarding May
18, 2008 protocol and therefore denies allegations referring to
protocol in place during that time.

14.   Answering the allegations in paragraph fourteen,
Defendant currently lacks sufficient information to form a belief
as to the truth of the allegations and therefore denies the
allegations.

15.   Answering the allegations in paragraph fifteen,
Defendant currently lacks sufficient information to form a belief
as to the truth of the allegations and therefore denies the
allegations.

16.   Answering the allegations in paragraph sixteen,
Defendant currently lacks sufficient information to form a belief
as to the truth of the allegations and therefore denies the
allegations.

17.   Answering the allegations in paragraph seventeen,
Defendant currently lacks sufficient information to form a belief
as to the truth of the allegations and therefore denies the
allegations.

18.   Answering the allegations in paragraph eighteen,
Defendant currently lacks sufficient information to form a belief
as to the truth of the allegations and therefore denies the

allegations.

19.   Answering the allegations in paragraph nineteen, Defendant avers that both Plaintiff and another inmate were armed with weapons on May 18, 2008.  These weapons were an 8 inch ice pick type-weapon with a black lanyard and a 6 inch weapon with a serrated blade, a sharpened edge with a point on one end and a black boot string attached as a lanyard.

20.   Answering the allegations in paragraph twenty, Defendant avers that after the altercation between Plaintiff and the other inmate on May 18, 2008, N. Blier, R.N., conducted medical assessments on both inmates.  Defendant avers that Plaintiff sustained several lacerations and puncture wounds on his chest, neck, and right arm on May 18, 2008.  Defendant avers that Plaintiff also sustained scratches on his nose on May 18, 2008.  As to the balance of the allegations stated in paragraph twenty, Defendant currently lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the balance of the allegations.

21.   Answering the allegations in paragraph twenty-one, Defendant currently lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

22.   Answering the allegations in paragraph twenty-two, Defendant avers that Plaintiff was transported to Loma Linda University Medical Center and Children's Hospital for emergency treatment on May 18, 2008.  Defendant avers that documentation from Loma Linda University Medical Center and Children's Hospital indicates that Plaintiff was discharged from the hospital on May

1  27, 2008, following surgery for right ventricular laceration

2  repair.

3      23.  Answering the allegations in paragraph twenty-three,

4  Defendant currently lacks sufficient information to form a belief

5  as to the truth of the allegations and therefore denies the

6  allegations.

7      24.  Answering the allegations in paragraph twenty-four,

8  Defendant currently lacks sufficient information to form a belief

9  as to the truth of the allegations and therefore denies the

10  allegations.

11      25.  Answering the allegations in paragraph twenty-five,

12  Defendant avers that after the altercation between Plaintiff and

13  the other inmate on May 18, 2008, N. Blier, R.N., conducted

14  medical assessments on both inmates.  Defendant avers that

15  Plaintiff sustained several lacerations and puncture wounds on

16  his chest, neck, and right arm on May 18, 2008.  Defendant avers

17  that Plaintiff also sustained scratches on his nose on May 18,

18  2008.  As to the balance of the allegations stated in paragraph

19  twenty-five, Defendant currently lacks sufficient information to

20  form a belief as to the truth of the allegations and therefore

21  denies the balance of the allegations.

22      26.  Answering the allegations in paragraph twenty-six,

23  Defendant currently lacks sufficient information to form a belief

24  as to the truth of the allegations and therefore denies the

25  allegations.

26      27.  Answering the allegations in paragraph twenty-seven,

27  Defendant currently lacks sufficient information to form a belief

28  as to the truth of the allegations and therefore denies the

allegations.

28.   Answering the allegations in paragraph twenty-eight, Defendant currently lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

29.   Answering the allegations in paragraph twenty-nine, Defendant states that this paragraph contains Plaintiff's legal conclusions and characterization of his action, to which no response is required.  To the extent that a response is required, current post orders state that if a metal detector sounds an alert tone, an officer should request another staff member to assist him/her with a wall search of the inmate in the Unit Officer's Office, but Defendant lacks sufficient information to form a belief as to the truth of the allegations regarding May 18, 2008 protocol and therefore denies allegations referring to protocol in place during that time.

30.   Answering the allegations in paragraph thirty, Defendant states that this paragraph contains Plaintiff's legal conclusions and characterization of his action, to which no response is required.  To the extent that a response is required, Defendant denies the allegations.

31.   Answering the allegations in paragraph thirty-one, Defendant states that this paragraph contains Plaintiff's legal conclusions and characterization of his action, to which no response is required.  To the extent that a response is required, Defendant avers that Housing Unit Officers assigned to inmate housing units have the responsibility for maintaining good order, security, and high levels of sanitation in the unit at all times.

32.   Answering the allegations in paragraph thirty-two, Defendant states that this paragraph contains Plaintiff's legal conclusions and characterization of his action, to which no response is required.   To the extent that a response is required, Defendant denies the allegations.

33.   Answering the allegations in paragraph thirty-three, Defendant avers that USP Victorville staff can be comprised of contract employees, typically in the medical profession, as well as staff employed by the Federal Bureau of Prisons.   Defendant currently lacks sufficient information to form a belief as to the truth of the allegations that all USP Victorville staff on May 18, 2008 were employed by the Federal Bureau of Prisons and therefore denies the allegations.

34.   Answering the allegations in paragraph thirty-four, Defendant states that this paragraph contains Plaintiff's legal conclusions and characterization of his action, to which no response is required.   To the extent that a response is required, Defendant denies the allegations.

35.   Answering the allegations in paragraph thirty-five, Defendant states that this paragraph contains Plaintiff's legal conclusions and characterization of his action, to which no response is required.   To the extent that a response is required, Defendant denies the allegations.

36.   Answering the allegations in paragraph thirty-six, Defendant states that this paragraph contains Plaintiff's legal conclusions and characterization of his action, to which no response is required.   To the extent that a response is required,

Defendant denies the allegations.

37.   Answering the allegations in paragraph thirty-seven, Defendant states that this paragraph contains Plaintiff's legal conclusions and characterization of his action, to which no response is required.   To the extent that a response is required, Defendant denies the allegations.

38.   Answering the allegations in paragraph thirty-eight, Defendant admits these allegations.

39.   Answering the allegations in paragraph thirty-nine which incorporates paragraphs 1-38, Defendant states no response is necessary as Defendant has responded to paragraphs 1-38.   To the extent that any response is required Defendant refers to its responses in paragraphs 1-38.

40.   Answering the allegations in paragraph forty, Defendant states that this paragraph contains Plaintiff's legal conclusions and characterization of his action, to which no response is required.   To the extent that a response is required, Defendant denies the allegations.

41.   Answering the allegations in paragraph forty-one, Defendant states that this paragraph contains Plaintiff's legal conclusions and characterization of his action, to which no response is required.   To the extent that a response is required, Defendant denies the allegations.

42.   Answering the allegations in paragraph forty-two, Defendant states that this paragraph contains Plaintiff's legal conclusions and characterization of his action, to which no

response is required.  To the extent that a response is required, Defendant denies the allegations.

The remaining allegations contain a Prayer for Relief, to which no response is required.  To the extent that a response is required, Defendant denies the allegations.

Defendant alleges the following separate and affirmative defenses as the claims in Plaintiff's Complaint:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendant and its agents, servants and employees exercised due care and diligence in all matters alleged in the Complaint, and acted within the applicable standard of care.  Defendant and its agents, servants and employees deny committing any negligent or wrongful act or omission and deny causing and/or contributing to the damages complained of in the Complaint.  No act or failure to act by Defendant, its agents or employees, was the legal cause of any loss or damage to Plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

In the event Defendant is found to be negligent, which negligence Defendant denies, the negligence of Plaintiff and/or other third party contributed to and/or caused his damages, and any recovery must be proportionately reduced.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, are limited to the amount

-10-

claimed administratively, under the Federal Tort Claims Act, 28 U.S.C § 2675(b).

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, have been caused at least in part by his failure to mitigate damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, if any, were proximately caused by his own negligent or otherwise wrongful conduct.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks pre-judgment interest or any other monetary amounts not provided for by law, Plaintiff fails to state a claim for which relief can be granted and the Court lacks subject matter jurisdiction over the Complaint pursuant to 28 U.S.C § 2674.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a jury trial pursuant to 28 U.S.C. § 2402.

### NINTH AFFIRMATIVE DEFENSE

Defendant asserts the jurisdictional defense of discretionary function which cannot be waived and may be raised at any time.

### TENTH AFFIRMATIVE DEFENSE

The United States has not waived sovereign immunity for the payment of attorney's fees in tort cases against it pursuant to 28 U.S.C. §2412(d)(1)(A).

-11-

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant contests the extent of Plaintiff's claimed injuries, whatever they may be, as well as Plaintiff's assertion that said injuries, resulting treatment, alleged requirement for future treatment and/or residual effects were caused by the incident referenced in Plaintiff's Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, must be reduced by any collateral source as required by law.

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1.    That Plaintiff's Complaint and each cause of action contained therein be dismissed with prejudice.

2.    That Plaintiff take nothing by his Complaint;

3.    That Defendant be awarded costs incurred herein; and

4.    That the Court order such other and further relief for Defendant as the Court may deem just and proper.


Dated: June 11, 2012          ANDRÉ BIROTTE JR.
                              United States Attorney
                              LEON W. WEIDMAN
                              Assistant United States Attorney
                              Chief, Civil Division

                              /s/ Erika Johnson-Brooks
                              _____
                              ERIKA JOHNSON-BROOKS
                              Assistant United States Attorney

                              Attorneys for Defendant
                              United States of America