United States District Court
For The Central District Of California
Eastern Division

Derek A. Capozzi, Plaintiff

    v.                          EDCV 10-0239-AHM-DTB

United States of America,
                    Defendant

BY [stamp] FILED
DEPUTY
AUG - 6 2012
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Motion For Court Order To Compel
The United States To Provide Discovery

       Mr. Capozzi filed a Tenth Amended Complaint
in this matter which alleged that he suffered
severe near-fatal stabbing injuries at the
United States Penitentiary Victorville (USP Victorville)
on May 18, 2008 at the hands of another
prisoner (Dkt. #49), which the United States
answered on June 11, 2012 (Dkt. #58).
       The Court, Judge Bristow, on June 25,
2012, issued a Case Management And Scheduling
Order concerning, inter alia, Discovery. (Dkt. #59).

On June 15th and June 19th, respectively, Plaintiff sent two discovery request letters to defendant United States.

On June 25th the Court's Order was entered and mailed to Plaintiff, but on June 29th, 2012 Plaintiff was transferred on Writ from his place of confinement at USP Lewisburg, PA to a county jail in Kentucky. As a result, Plaintiff received the Court's order the second week of July when it was forwarded to that facility, and, his June 15th and 19th discovery request letters were lost/not forwarded.

Because pro se Plaintiff sent discovery letters prior to the Court's discovery Order, Plaintiff sent a third discovery letter on July 20, 2012 to the defendant United States. The July 20, 2012 request is substantially similar to the earlier June 15th and 19th request letters.[1]

On July 19th, 2012, the defendant sent Responses to the June 15th & 19th request letter (attached hereto as Exhibit 1 & 2). Plaintiff received them, along with documents Bate Stamped No.s

---

[1] Exhibit 3, attached hereto.

D000001 — D001026.

The Bate Stamped documents consist entirely of the following:

1.) No.'s D000001 — D000852:
Federal B.O.P. Medical File Of Plaintiff;

and,

2.) No.'s D000853 — D001026:
Three copies of Federal Bureau Of Prison(s) "Program Statements" (Publically accessible).

While the medical file may be of aid in establishing the extent of post-injury damages, it is not relevant to how or why the events causing or preceding the injury occurred, nor does any of it establish whom it may be that could be held liable for the injuries sustained, nor why.

The Program Statements ~~attached hereto as exhibits~~ are referred to in the defendants' responses. Those documents were <u>not</u> requested by the

4

Plaintiff. Further, a quantity of the medical file provided is not related to the May 18, 2008 stabbing of Plaintiff, but relates to other matters (eg., dental, eyeglasses, hep. c. treatment, etc...), though the plaintiff can understand why the defendant produced the entirety of the file out of caution and undesirability of deciphering the voluminous record for relevance.[2]

The Plaintiff respectfully requests that this Court provide an Order to the defendant United States compelling it to provide the discovery materials requested in the discovery request letter of June 15th & 19th, and the July 20th, 2012 discovery letter attached hereto.

[2] Plaintiff points out these issues for the record only, which, Plaintiff offers notice only for purposes of establishing that any claim by the United States that it has already produced "over 1,000 pages" of documents would be extremely misleading. For the Plaintiff knows already what his medical treatments have been and BOP Program Statements are publically available in any law library. So, essentially, Plaintiff has received nothing not already made available to him to date.

Also, Plantiff states the following:

On May 18, 2008, the forth Amended Complaint alleged, the USP Victorville was pervasive with violence which was known to its staff (employees, when an armed inmate carrying a metal "shank" exited his housing unit through a (functional) metal detector setting it off. At the metal detector stood a prison guard who's duty it was to monitor the metal detector and stop/search any inmate who does not pass through it without setting it off. The guard failed to do so. The inmate thereafter approached the plantiff, stood by the plantiff while no officers who's duty it was to patrol the area were doing such patrols, and then the plantiff began stabbing Plantiff, on camera, right there in the open area, several times, causing near-fatal injuries.

Based upon this matter, and the frost-hand knowledge of Plaintiff that an investigation by the USP staff and FBI (at least) did

6

then occur, Plan requested numerous
relevant discovery errals in his letter
which are nece to prove the negligence
which led to th'jurier contained in
this complaint by defendant United
States' employees.

In orde present the full case
to the Court, Pf must obtain the
needed documents twerer, statements of
persons who ma called to give testimony,
duties staff were igted to carry out and
the various ways means they failed to do
so. At this point defendant will not even
so much as pr the picture of the
assailant, his knife his statements, citing
an "invasion of y" on his behalf.

Plaintiff this Court, when did
the law begin to a convicted felon
the Right to Prius stabbing somebody to
death? Yet had ff died, the same United
States Government t'ue immediately provided
his assailant a paph of Plaintiff's dead

body, private information (i.e., S.S.I (DOB etc...)
and pictures of the weapon used by him,
within weeks of his arraignment. Plaintiff
respectfully asserts that there is no "privacy
right" to stab people. When you stab a
victim, you waive all privacy rights related
to who you are, what you did, and
why you did it.

Plaintiff further asserts that when any
witnesses come forth and state they observed or know of
it, who did it, why they did it, where,
when and how, then those materials are in
fact necessary and relevant to the investi-
gation, preparation and presentation of
the case and must be provided in order
to do so.

Finally, when the matter is recorded
in documentary evidence, on video, in
photographs or otherwise stored in some format,
that material is necessary and relevant for
the same purposes.

The defendant United States must be

compelled to disclose such materials in his possession as a result.

The United States must also turn over the mandatory directives (i.e. Post Orders, Ops Memoranda, Institutional Supp. Policies etc...) concerning their duties they're alleged to've had obligations to uphold as well. This discovery is necessary and warranted at this time "because fact issues exist[] on whether mandatory prison directives had existed and were violated, and whether discretionary judgments not grounded in policy were made [therefore] discovery [i]s warranted **before** deciding whether claims had to be dismissed under 28 U.S.C. § 2680's discretionary function exception; while 18 U.S.C. § 4042 (a)(2)-(3) did not mandate specific, non-discretionary course of conduct, [Plaintiff] has to demonstrate that other mandatory directives were violated and such directives were solely within control of the government." Sledge v. U.S., 723 F.Supp. 2d 87 (2010)(D.C. Dist.Col.), See also, Garza v. U.S., 2007 U.S. Dist. LEXIS 17097 (S.D. Tex.)(This Court dismissed the Plaintiffs

complaint, finding that his claims against the govern-
ment fell within the discretionary function
exception of the FTCA... Plaintiff appealed
the Courts' ruling following the dismissal..., the
78th Circuit reversed the dismissal and remanded
the case for a full factual determination on
the merits regarding any claim based on the
failure of the guard to follow the "will patrol"
instruction in the Specific Post Orders. Garza v. UOA,
161 Fed Appx 341, 346 (5th Cir. 2005)..., the court
reversed the dismissal because "the 'will patrol'
instruction prescribes a set course of action
for the post guard, (and therefore) the discretionary
function exception does not bar a cause of
action based on Garza's allegation that Romero
failed to patrol the recreation yard." id. During
periods of mass inmate movement [] a Specialist
must "ensure all inmates pass through the metal
detector (and) [i]nmates wearing steel toed shoes
will be required to remove their shoes prior
to passing through the metal detector. Specialists
must also be familiar with all Bureau of Prison

policies concerning security."); See also, Brembry v. USA, 2011 U.S. Dist. LEXIS 105573 (U.S. Dist. Ct. W.D. VA) ("[D]iscretionary function exception did not apply to the facts of this case given the existence of Post Orders. Furthermore, even, if the post order is not mandatory, failing to abide by it may be negligent. ... Therefore, I will not rule as a matter of law that officer Tignor did not breach the applicable duty of care.) (emphasis added).

        Wherefore, Plaintiff respectfully asks that this Court enter an Order compelling the defendant United States to provide all relevant discovery materials to him as described in Exhibits 1, 2 and 3 attached hereto and any/all other discovery materials required by the Civil Rules of Court and the Local Rules. [3]

[3] Plaintiff does not know, possess or have access to the local Rules of Court. The County facility he is in does not have any law library at all and Plaintiff doesn't have any alternative means to conduct research.

11

Respectfully Submitted,

Derek A. Capozzi, pro se
Fayette County Detention Center
600 Old Frankfort Circle
July 30, 2012    Lexington, KY 40510


Cert. of Service

I, Derek A. Capozzi, hereby swear under penalty of perjury that I have served a true copy of the foregoing motion upon AUSA Erika Johnson-Brooks, U.S. Attorneys Office - Civil Division, Federal Bldg., Ste 7516, 300 North Los Angeles St, Los Angeles, CA 90012, by 1ST Class Mail, Postage Prepaid, on this 31ST day of July, 2012, by depositing same in institutional mailbox.

Signed, Derek A. Capozzi
Derek A. Capozzi, pro se

Exhibit 1

ANDRÉ BIROTTE, JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
Erika Johnson-Brooks
Assistant United States Attorney
California Bar Number: 210908
     Federal Building, Suite 7516
     300 North Los Angeles Street
     Los Angeles, California 90012
     Telephone: (213) 894-0474
     Facsimile: (213) 894-7819
     Email: Erika.Johnson@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| Derek A. Capozzi, | ) | EDCV 10-0239 AHM(DTB) |
|     Plaintiff, | ) | |
| | ) | **RESPONSES TO REQUEST** |
|       v. | ) | **FOR PRODUCTION OF** |
| | ) | **DOCUMENTS** |
| United States of America | ) | |
| | ) | |
|     Defendant, | ) | |

PROPOUNDING PARTY: Plaintiff, Derek Capozzi

RESPONDING PARTY:  Defendant, United States of America

SET:              One (Dated June 15, 2012)


        Pursuant to the provisions of the Federal Rules of Civil

Procedure and the Local Rules of the Central District of

California, Defendant United States of America ("Defendant")

responds to Plaintiff's Request for Production of Documents as

follows:

### PRELIMINARY STATEMENT

Defendant has not completed its investigation of all the facts relating to this case and has not completed discovery in this action.  All the responses contained herein are based on such information and documents as are presently available and specifically known to Defendant.  Because Defendant is still investigating the facts of this matter and otherwise preparing for trial, it is anticipated that newly discovered facts and legal contentions may lead to substantial variations or alternations in Defendant's responses to this Set of Requests for Production of Documents ("Requests").  Defendant's responses are therefore given without prejudice to Defendant's right to produce evidence of any subsequently discovered fact or document.

Documents in response to these Requests might, in some instances, be duplicative of information required to be initially disclosed pursuant to local and/or federal rules.  To conserve limited resources, the production of documents produced hereby is also to be deemed compliant with those rules requiring initial disclosure.  Further, information provided in supplementary productions pursuant to these Requests shall also be deemed supplementary to Defendant's instant and initial productions.  Accordingly, Defendant will not separately produce pursuant to local and/or federal rules information that is duplicative of any documents produced herein.

Defendant reserves the right to supplement these responses if additional or different documents should become available.

## GENERAL OBJECTIONS

Defendant generally objects to Plaintiff's Set of Requests for Production of Documents ("Requests") to the extent that it calls for the identification and production of documents protected by the attorney-client privilege and/or the attorney work product doctrine.  Defendant's responses are given without waiving such privilege and protection.

Defendant also generally objects to Plaintiff's Set of Requests to the extent that it calls for the identification of information that must be shielded form discovery in order to preserve the privacy interests of third parties, including but not limited to, those of individually named defendants. Defendant's responses are given without waiving third-party privacy interests.

Defendant also generally objects to Plaintiff's Set of Requests to the extent that it calls for the identification of information that must be shielded form discovery in order to preserve any and all governmental, law enforcement, or other investigatory privileges.  Defendant's responses are given without waiving such privileges.

Defendant objects to the Requests to the extent that they call for information or agency records that may not be disclosed pursuant to statute or regulation.

Defendant objects to the Requests to the extent that they seek information not calculated to lead to the discovery of admissible evidence.

Defendant objects to the Requests to the extent that they seek or purport to impose obligations other than those imposed

1   by the Federal Rules of Civil Procedure and/or the Local Rules

2   of the Central District of California.

3        Defendant also generally objects to Plaintiff's Requests to

4   the extent that it calls for the identification of information

5   already produced to Plaintiff pursuant to local and/or federal

6   rules.  Information provided in response to this Request might,

7   in some instances, be duplicative of information provided

8   pursuant to local and/or federal rules.  To conserve limited

9   resources, information presently provided that has not already

10   been provided pursuant to local and/or federal rules is to be

11   deemed supplementary to Defendant's previous production(s).

12   Further, information provided in supplementary productions

13   pursuant to this Request shall also be deemed supplementary to

14   Defendant's prior productions.  Accordingly, Defendant will not

15   separately produce pursuant to local and/or federal rules

16   information that is duplicative of any information produced

17   pursuant to this Request.

18        Defendant also objects to Plaintiff's Requests to the

19   extent that disclosure would provide sensitive information and

20   material to incarcerated inmates, including Plaintiff who is a

21   Federal Bureau of Prisons ("BOP") maximum custody inmate and who

22   is currently serving a federal term of imprisonment.

23        These general objections are incorporated by reference into

24   each response made to Plaintiff's specific requests and, for

25   that reason, will not be repeated with respect to each response.

26                **OBJECTIONS ASSERTED HEREIN**

27      Objections that a request is "ambiguous," refer to the fact

28   that the request, together with the purported definitions and

1 "requirements" are vague, ambiguous, compound and

2 incomprehensible.

3     Objections that a request is "irrelevant," refer to the

4 fact that the request is not relevant to the claim and defenses

5 asserted in this action, and are not calculated to lead to the

6 discovery of admissible evidence.

7     Objections that a request is "burdensome," refer to the

8 fact that responding to the request would unreasonable burden

9 the resources of the BOP, consume an unreasonable amount of

10 staff time, and/or that the request is over-broad, or not

11 reasonable limited as to time.

12     Objections asserting the "law enforcement privilege," refer

13 to the fact that disclosure would provide sensitive information

14 and material to incarcerated inmates, including Plaintiff who is

15 a BOP maximum custody inmate and who is currently serving a

16 federal term of imprisonment.

17     Objections asserting the "Privacy Act," refer to the fact

18 that disclosure of such information and materials would provide

19 personal, private, and confidential information regarding third

20 persons, not parties to this action which would be prohibited by

21 the Privacy Act, 5 U.S.C. § 522a, et seq.

22     Objections asserting an "improper form of request," refer

23 to the fact that the request does not appear to seek a proper

24 admission of fact or law.

25 **REQUESTS AND RESPONSES**

26 Request for Production No. 1:

27 The FBI report from the FBI agent who handled the case. I do not

28 recall her name.  She had blonde hair and came to the hospital

1  and the prison and she conducted interviews and she is the

2  original person who disclosed to me that she had the video tapes

3  of the incident and had interviews with the assailant.

4  Response to Request for Production No. 1:

5  Defendant responds as follows:

6  Defendant has no such document.

7  Request for Production No. 2:

8  I would like a copy of the video footage of the incident, to

9  include all the footage leading up to and after the incident

10 which was preserved.   These videos SIS Office Moore told me

11 personally that he had preserved and that he was the officer who

12 cornered off the scene in preparation for a possible homicide

13 investigation due to my keep on dying and being revived and they

14 thought I wasn't going to live.   So he would be the person who

15 took care of that I guess. Probably others too.   I don't know.

16 Response to Request for Production No. 2:

17 Defendant responds as follows:   Defendant objects to this

18 Request on the basis that it does not appear reasonably

19 calculated to lead to the discovery of admissible evidence.

20 Defendant further objects that the Request is overly broad,

21 excessively burdensome, vague, and assumes facts not in

22 evidence.   Defendant further objects to this Request as the

23 production of such video may compromise the safety and security

24 of the institution(s).   Defendant is investigating whether

25 production of the video is feasible under and pursuant to a

26 protective order.

27

28

1  Request for Production No. 3:

2  Any and all pictures, video stills, digital frames of the

3  incident, assailant, crime scene, and myself, and whatever else

4  there is (i.e. the weapon I was attacked by too please).

5  Response to Request for Production No. 3:

6  Defendant responds as follows:  Defendant objects to this

7  Request on the basis that it does not appear reasonably

8  calculated to lead to the discovery of admissible evidence.

9  Defendant further objects that the Request is overly broad,

10  excessively burdensome, vague, and assumes facts not in

11  evidence.  Defendant also objects to this Request as the

12  production of such documents would compromise the safety and

13  security of the institution(s).  Defendant also objects to this

14  Request as the production of the weapon would compromise the

15  safety and security of the institution(s) and is prohibited by

16  BOP policy.  Defendant also objects to this Request as the

17  production of pictures of the alleged assailant would compromise

18  the safety and security of the institution(s) and would violate

19  the alleged assailant's privacy rights.  Defendant is

20  investigating whether production of the pictures; video stills;

21  and digital frames of the incident, crime scene, and Plaintiff

22  is feasible under and pursuant to a protective order.

23  Request for Production No. 4:

24  All officer(s) reports, notes, memorandums, investigative

25  follow-up reports, the SIS Investigation reports that Lt. Hurte

26  completed for the Captain (Bourne) and Warden Norwood, and any

27  other such reports regarding the incident.

28

1  Response to Request for Production No. 4:

2  Defendant responds as follows:  Defendant objects to this

3  Request on the basis that it does not appear reasonably

4  calculated to lead to the discovery of admissible evidence.

5  Defendant further objects that the Request is overly broad,

6  excessively burdensome, vague, and assumes facts not in

7  evidence.  Defendant also objects to this Request as the

8  production of such documents would compromise the safety and

9  security of the institution(s).  Defendant is investigating

10  whether production of these documents is feasible under and

11  pursuant to a protective order.

12  Request for Production No. 5:

13  Any "separate" data on file regarding the assailant, and any

14  similar such data on file on myself.

15  Response to Request for Production No. 5:

16  Defendant responds as follows:  Defendant objects to this

17  Request on the basis that it does not appear reasonably

18  calculated to lead to the discovery of admissible evidence.

19  Defendant further objects that the Request is overly broad,

20  excessively burdensome, vague, and assumes facts not in

21  evidence.   Defendant further objects to this Request as the

22  production of such documents would compromise the safety and

23  security of the institution(s).  Defendant also objects to this

24  Request as the production of these documents would violate the

25  alleged assailant's privacy rights as well as other inmates'

26  privacy rights.

27

28

Request for Production No. 6:

SIS interviews of inmates concerning this matter.   In
particular, Mark Nyquist, Thomas Winslow, and Christopher
Dearman.   These people told me about them being interviewed, and
they were my associates and cellmate at the time of this
incident but I know there were many other interviews of people
whose names I do not know.

Response to Request for Production No. 6:

Defendant responds as follows:  Defendant objects to this
Request on the basis that it does not appear reasonably
calculated to lead to the discovery of admissible evidence.
Defendant further objects that the Request is overly broad,
excessively burdensome, vague, and assumes facts not in
evidence.  Defendant further objects to this Request because
production of such documents would compromise the safety and
security of the institution(s) and violate other inmates'
privacy rights.

Request for Production No. 7:

I need the "Post Orders" concerning staff monitoring of the
metal detector in place at the time of the incident.

Response to Request for Production No. 7:

Defendant responds as follows:  Defendant objects to this
Request on the basis that it does not appear reasonably
calculated to lead to the discovery of admissible evidence.
Defendant further objects that the Request is overly broad,
excessively burdensome, vague, ambiguous, and assumes facts not
in evidence. Defendant further objects to this Request because
production of such documents may compromise the safety and

security of the institution(s).  Defendant further objects
because such post orders may no longer exist as the BOP
retention policy on these documents is three years.  Lastly, if
the documents do exist, Defendant is investigating whether it is
feasible for the documents to be produced under and pursuant to
a protective order.

Request for Production No. 8:

The "Operations Memos" regarding detectors at the time of the
incident.

Response to Request for Production No. 8:

Defendant responds as follows:  Defendant objects to this
Request on the basis that it does not appear reasonably
calculated to lead to the discovery of admissible evidence.
Defendant further objects that the Request is overly broad,
excessively burdensome, vague, ambiguous, and assumes facts not
in evidence. Defendant further objects to this Request because
production of such documents may compromise the safety and
security of the institution(s).  Lastly, if the documents do
exist, Defendant is investigating whether it is feasible for the
documents to be produced under and pursuant to a protective
order.

Request for Production No. 9:

The Institutional Policy and Procedures regarding the metal
detectors at the time of the incident.

Response to Request for Production No. 9:

Defendant responds as follows:  Defendant objects to this
Request on the basis that it does not appear reasonably
calculated to lead to the discovery of admissible evidence.

1  Defendant further objects that the Request is overly broad,

2  excessively burdensome, vague, and assumes facts not in

3  evidence.  Defendant also objects to this Request.

4       Without waiving these objections, and subject thereto,

5  Defendant nonetheless will produce documents responsive to this

6  Request provided by the Federal Bureau of Prisons which are as

7  follows: BOP PROGRAM STATEMENTS 5500.12 Correctional Services

8  Procedures Manual and 5521.05 Searches of Housing Units, Inmates

9  and Inmate Work Areas, are attached hereto in Bates Numbers

10 D000853-D001026.

11 Request for Production No. 10:

12 The "Post Orders" regarding the monitoring of the walkways and

13 open areas outside of the housing units.

14 Response to Request for Production No. 10:

15 Defendant responds as follows:  Defendant objects to this

16 Request on the basis that it does not appear reasonably

17 calculated to lead to the discovery of admissible evidence.

18 Defendant further objects that the Request is overly broad,

19 excessively burdensome, vague, ambiguous, and assumes facts not

20 in evidence. Defendant further objects to this Request because

21 production of such documents may compromise the safety and

22 security of the institution(s).  Defendant further objects

23 because such post orders may no longer exist as the BOP

24 retention policy on these documents is three years.  Lastly, if

25 the documents do exist, Defendant is investigating whether it is

26 feasible for the documents to be produced under and pursuant to

27 a protective order.

28

1  Request for Production No. 11:

2  "Operations Memoranda" regarding the monitoring of the walkways

3  and open areas outside of the housing units.

4  Response to Request for Production No. 11:

5  Defendant responds as follows:  Defendant objects to this

6  Request on the basis that it does not appear reasonably

7  calculated to lead to the discovery of admissible evidence.

8  Defendant further objects that the Request is overly broad,

9  excessively burdensome, vague, ambiguous, and assumes facts not

10 in evidence. Defendant further objects to this Request because

11 production of such documents may compromise the safety and

12 security of the institution(s).  If the documents do exist,

13 Defendant is investigating whether it is feasible for the

14 documents to be produced under and pursuant to a protective

15 order.

16 Request for Production No. 12:

17 Institutional Policy and Procedures regarding the monitoring of

18 the walkways and open areas outside of the housing units.

19 Response to Request for Production No.12:

20 Defendant responds as follows:  Defendant objects to this

21 Request on the basis that it does not appear reasonably

22 calculated to lead to the discovery of admissible evidence.

23 Defendant further objects that the Request is overly broad,

24 excessively burdensome, vague, and assumes facts not in

25 evidence.

26  / / /

27

28

1          Without waiving these objections, and subject thereto,

2   Defendant nonetheless will produce documents responsive to this

3   Request provided by the Federal Bureau of Prisons. BOP PROGRAM

4   STATEMENTS 5500.12 Correctional Services Procedures Manual and

5   5521.05 Searches of Housing Units, Inmates and Inmate Work

6   Areas, are attached hereto in Bates Numbers D000853-D001026.

7

8   Dated: July 19, 2012              ANDRÉ BIROTTE JR.
                                      United States Attorney
9                                     LEON W. WEIDMAN
                                      Assistant United States Attorney
10                                    Chief, Civil Division

11

12                                    _____
                                      ERIKA JOHNSON BROOKS
13                                    Assistant United States Attorney

14                                    Attorneys for Federal Defendant

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE BY MAILING

I am over the age of 18 and not a party to the within action. I am employed by the Office of United States Attorney, Central District of California. My business address is 300 North Los Angeles Street, Suite 7516, Los Angeles, California 90012.

On July 20, 2012, I served <u>RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)</u> on each person or entity named below by enclosing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary office practices. I am readily familiar with the practice of this office for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

Date of mailing: July 20, 2012. Place of mailing: <u>LOS ANGELES, CALIFORNIA</u>. **Person(s) and/or Entity(ies) to Whom mailed:**

> Derek A. Capozzi
> Reg. No. 22016-038
> United States Penitentiary Lewisburg
> P.O. Box 1000
> Lewisburg, PA 17837

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on: July 20, 2012 at Los Angeles, California.

> /s/ Olivia Murillo
> Olivia Murillo

Exhibit 2

ANDRÉ BIROTTE, JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
Erika Johnson-Brooks
Assistant United States Attorney
California Bar Number: 210908
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-0474
    Facsimile: (213) 894-7819
    Email: Erika.Johnson@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| Derek A. Capozzi,<br><br>    Plaintiff,<br><br>       v.<br><br>United States of America<br><br>    Defendant, | EDCV 10-0239 AHM(DTB)<br><br>**RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY: Plaintiff, Derek Capozzi

RESPONDING PARTY:  Defendant, United States of America

SET:              Two (Dated June 19, 2012)


    Pursuant to the provisions of the Federal Rules of Civil Procedure and the Local Rules of the Central District of California, Defendant United States of America ("Defendant") responds to Plaintiff's Request for Production of Documents as follows:

### PRELIMINARY STATEMENT

Defendant has not completed its investigation of all the facts relating to this case and has not completed discovery in this action.  All the responses contained herein are based on such information and documents as are presently available and specifically known to Defendant.  Because Defendant is still investigating the facts of this matter and otherwise preparing for trial, it is anticipated that newly discovered facts and legal contentions may lead to substantial variations or alternations in Defendant's responses to this Set of Requests for Production of Documents ("Requests").  Defendant's responses are therefore given without prejudice to Defendant's right to produce evidence of any subsequently discovered fact or document.

Documents in response to these Requests might, in some instances, be duplicative of information required to be initially disclosed pursuant to local and/or federal rules.  To conserve limited resources, the production of documents produced hereby is also to be deemed compliant with those rules requiring initial disclosure.  Further, information provided in supplementary productions pursuant to these Requests shall also be deemed supplementary to Defendant's instant and initial productions.  Accordingly, Defendant will not separately produce pursuant to local and/or federal rules information that is duplicative of any documents produced herein.

Defendant reserves the right to supplement these responses if additional or different documents should become available.

**GENERAL OBJECTIONS**

1      Defendant generally objects to Plaintiff's Set of Requests

2  for Production of Documents ("Requests") to the extent that it

3  calls for the identification and production of documents

4  protected by the attorney-client privilege and/or the attorney

5  work product doctrine.  Defendant's responses are given without

6  waiving such privilege and protection.

7      Defendant also generally objects to Plaintiff's Set of

8  Requests to the extent that it calls for the identification of

9  information that must be shielded form discovery in order to

10 preserve the privacy interests of third parties, including but

11 not limited to, those of individually named defendants.

12 Defendant's responses are given without waiving third-party

13 privacy interests.

14     Defendant also generally objects to Plaintiff's Set of

15 Requests to the extent that it calls for the identification of

16 information that must be shielded form discovery in order to

17 preserve any and all governmental, law enforcement, or other

18 investigatory privileges.  Defendant's responses are given

19 without waiving such privileges.

20     Defendant objects to the Requests to the extent that they

21 call for information or agency records that may not be disclosed

22 pursuant to statute or regulation.

23     Defendant objects to the Requests to the extent that they

24 seek information not calculated to lead to the discovery of

25 admissible evidence.

26     Defendant objects to the Requests to the extent that they

27 seek or purport to impose obligations other than those imposed

1  by the Federal Rules of Civil Procedure and/or the Local Rules

2  of the Central District of California.

3      Defendant also generally objects to Plaintiff's Requests to

4  the extent that it calls for the identification of information

5  already produced to Plaintiff pursuant to local and/or federal

6  rules.  Information provided in response to this Request might,

7  in some instances, be duplicative of information provided

8  pursuant to local and/or federal rules.  To conserve limited

9  resources, information presently provided that has not already

10 been provided pursuant to local and/or federal rules is to be

11 deemed supplementary to Defendant's previous production(s).

12 Further, information provided in supplementary productions

13 pursuant to this Request shall also be deemed supplementary to

14 Defendant's prior productions.  Accordingly, Defendant will not

15 separately produce pursuant to local and/or federal rules

16 information that is duplicative of any information produced

17 pursuant to this Request.

18     Defendant also objects to Plaintiff's Requests to the

19 extent that disclosure would provide sensitive information and

20 material to incarcerated inmates, including Plaintiff who is a

21 Federal Bureau of Prisons ("BOP") maximum custody inmate and who

22 is currently serving a federal term of imprisonment.

23     These general objections are incorporated by reference into

24 each response made to Plaintiff's specific requests and, for

25 that reason, will not be repeated with respect to each response.

26              **OBJECTIONS ASSERTED HEREIN**

27     Objections that a request is "ambiguous," refer to the fact

28 that the request, together with the purported definitions and

1  "requirements" are vague, ambiguous, compound and

2  incomprehensible.

3       Objections that a request is "irrelevant," refer to the

4  fact that the request is not relevant to the claim and defenses

5  asserted in this action, and are not calculated to lead to the

6  discovery of admissible evidence.

7       Objections that a request is "burdensome," refer to the

8  fact that responding to the request would unreasonable burden

9  the resources of the BOP, consume an unreasonable amount of

10 staff time, and/or that the request is over-broad, or not

11 reasonable limited as to time.

12      Objections asserting the "law enforcement privilege," refer

13 to the fact that disclosure would provide sensitive information

14 and material to incarcerated inmates, including Plaintiff who is

15 a BOP maximum custody inmate and who is currently serving a

16 federal term of imprisonment.

17      Objections asserting the "Privacy Act," refer to the fact

18 that disclosure of such information and materials would provide

19 personal, private, and confidential information regarding third

20 persons, not parties to this action which would be prohibited by

21 the Privacy Act, 5 U.S.C. § 522a, et seq.

22      Objections asserting an "improper form of request," refer

23 to the fact that the request does not appear to seek a proper

24 admission of fact or law.

25                    **REQUESTS AND RESPONSES**

26 Request for Production Nos. 1, 2, 8, 9, 15, 16, 17:

27 The number of incidents reported from January of 2006 through

28 July of 2008 involving:

1   (i) assaults by inmates against any person(s)

2   (ii) fighting amongst inmates with any person

3   (iii) attempted killing(s) amongst inmates against any person

4   (iv) killings committed by any inmates

5   (v) weapons possession and/or use by any inmate(s)

6   All having occurred at the United States Penitentiary

7   Victorville throughout the period requested.   These materials

8   are needed in order to reply to the Defendant's answer # 7 of

9   the Answer to Fourth Amended Complaint.   Plaintiff hereby avers

10  that while at USP Victorville he (personally) observed, heard,

11  and was informed about over 60-70 stabbings, several killings

12  and hundreds of assaults; and violence was pervasive on a daily

13  basis at their prison.

14  Response to Request for Production Nos. 1, 2, 8, 9, 15, 16, 17:

15  Defendant responds as follows: Defendant objects to this Request

16  on the basis that it does not appear reasonably calculated to

17  lead to the discovery of admissible evidence.   Defendant further

18  objects that the Request is overly broad, excessively

19  burdensome, vague, and assumes facts not in evidence.   Defendant

20  further objects to this Request as the production of such video

21  may compromise the safety and security of the institution(s).

22  Defendant is investigating whether production of the video is

23  feasible under and pursuant to a protective order.

24  Request for Production Nos. 3, 8, 9, 15, 16, 17:

25  As to the government/Defendant Answer; at pgh.# 11, Plaintiff

26  requests the following materials:

27

28

Exhibit 3

Derek A. Capozzi
Fayette County Detention Center
600 Old Frankfort Circle
Lexington, KY   40512

Erika Johnson-Brooks
Assistant U.S. Atty. - Civil division
Federal Bldg. - Ste. 7516
300 N. Los Angeles St.
Los Angeles, CA  90012                        July 20, 2012

RE: <u>Derek A. Capozzi v. USA</u>, # EDCV 10-
00239-AHM-DTB

Dear Erika,
            Good morning. I am writing to you
to advise you that I am temporarily being
housed at the above-cited address atop this page
as I am on writ at this time. I expect
to be returned into a B.O.P. facility shortly. In
order that you do not waste time or stamps,
please check the B.O.P. website before mailing me
anything and I will write to inform you a.s.a.p.
should I be moved.
            My next reason for writing is to
request discovery materials. I'm new at this so please
bear with me. It's different than criminal law, which I
am familiar with, so I hope to adapt and learn quickly.

I. Rules, Regulations, Policies, etc...

1.) The post orders for housing units at FCC Victorville in effect May 18, 2008;

2.) The post orders for use/monitoring of metal detectors generally at FCC Victorville in effect May 18, 2008;

3.) Any Operations Memorandum(s), Policy Statements, Institutional Supplements or other such documents concerning use/monitoring of metal detectors in effect May 18, 2008;

4.) Any Operations Memorandum(s), Policy Statements, Institutional Supplements, Post Orders or other such documents concerning the monitoring/ patrolling of open areas and walkways at FCC Victorville in effect May 18, 2008;

II. Reports, Memorandum(s), Notes, etc...

1) All reports, memorandums, notes or other such documents, whether in written, print or computer storage data base form, concerning the May 18, 2008 incident and any follow-up interview reports, investigations etc... pertaining to the May 18, 2008 incident;

2.) Reports of interviews of the following individuals concerning the May 18, 2008 incident:

(i) John Rousseau, reg. # 63794-065;
(ii) Mark Nyquist,      reg. # 02758-097;
(iii) Christopher Dearman,                      ;
(iv) Herbert Taylor,                            ;
(v) Rodney Pressler,                            ;
(vi) Darren Fenner,                             ;
(vii) Roy Allen Green, reg. # 03327-063;
(viii) Terry Green,                             ;
(ix) Thomas Winslow, reg. # 98209-011;
(x) Derek A. Capozzi, reg. # 22016-038.

And any other witness interviews which may directly or indirectly pertain to the May 18, 2008 incident, for example: Subsequent to being attacked on May 18, 2008, it is alleged that inmate Rodney Pressler was blamed by inmate Herbert Taylor for being partly responsible for the attack. As a result, Mr. Pressler stabbed Mr. Taylor. Subsequently, while housed in SHU, inmate Pressler was attacked and sliced with razorblades by Mr. Fenner and another inmate, in retaliation. Thereafter, another inmate named Eddie [LNU] was beaten 1/2 to death in further retaliation. Finally, in mid-2009, while being brought to the U.S.P. Lewisburg SMU program in Lewisburg, PA, my assailant (Rousseau) was

attacked while in restraints on the bus while parked on the landing-strip at Harrisburg Airport and beaten with chains and a "blackbox" over his head. This was allegedly by inmates Roy Allen Green, John Lamb and Terry Green. Also, it was allegedly a retaliatory attack as well. At that time, Mr. Rousseau identified his attackers and stated that they had attacked him in retaliation for attacking and nearly killing me.

I request the reports of interviews of all of these incidents.

3) All FBI, DOJ and other governmental agency reports of the May 18, 2008 incident. (Including SIS/SIA or other internal investigation reports);

4.) All e-mails, electronic storage data or other such computerized entries (i.e, log entries) of:

(i) A. Black,      S.O.S.,
(ii) T. Patterson,   Ops Lt.;
(iii) J. Terrones,   S.O.S.;
(iv) D. Vega,     Cook Supervisor;
(v.) C. Bullock,    Lieutenant;
(vi) R. Bourn,     Captain;
(vii) J. Moore,    S.O.S.;
(viii) R. Hodges,   S.O.S.;

(ix) M. Cortez,     S.O.S.;
(X) G. Lang,        Rec. Specialist;
(Xi) M. Miranda,    C/O ;
(Xii) J. Dunn,      C/O;
(Xiii) J.L. Norwood,  Warden;
(xiv.) R. Ali     ,  Associate Warden
(xv.) B. Hurte,    SIS Lt.;
(xvi.)  Hostead,   SIA

For May 18, 2008,  __AND__, concerning
the May 18, 2008 incident in any way, shape
or form.

5.) All log entries for the month of May
by officer J. Dunn.

6.) All log entries concerning any suspicious
activity reports, weapons reports, contraband reports or
acts of violence committed, or suspected by Mr.
Rousseau while he was an inmate at the FCC Victorville
Complex or concerning the retaliatory attack committed
upon him at the Harrisburg Airport en route to
the USP Lewisburg SMU program;

__III__. Pictures, Videos, Stills, etc...

1.) Any/All pictures of Myself in regards to the

6

May 18, 2008 incident;

2.) Any/All pictures of myself prior to the May 18, 2008 incident;

3.) Any/All pictures of myself subsequent to the May 18, 2008 incident;

Which are in my B.O.P. files, computers, or other such storage systems;

4.) Pictures of the weapon(s) recovered from the May 18, 2008 incident;

5.) Pictures of the scene of the incident from the May 18, 2008 incident;

6.) Pictures of Mr. Rousreau pursuant to the May 18, 2008 incident;

7.) All video footage, video stills, and other such data of the actual incident on May 18, 2008;

8.) All video footage, video stills, and other such data depicting the entranceway to unit 3A, on May 18, 2008;

9.) All video footage, video stills, and other such data depicting the metal detector in the hallway of Unit 3A on May 18, 2008, (particularly at the time of the incident);

7

10.) Any audio recording(s) of any witness(es) to the May 18, 2008 incident, and transcript(s) thereof if available; (ie, telephone intercepts, interviews, etc...)

11.) Any [generally] available pictures of the walkway(s), entranceways, open areas etc... in between Units 3A and 3B, and the metal detector(s) in their hallway(s), as well as the video camera in said hallway(s) which observes the metal detector(s);

12) Any pictures, video or audio data in the custody, control or possession of the FBI, DOJ or other outside agencies concerning the May 18, 2008 incident;

## IV. Threats, Endangerment, etc...

1.) Any reports of threats made concerning the safety of Mr. Rousseau or Myself prior to, or in relation to, the May 18, 2008 incident at the USP Victorville;

2.) Any inmate names who were housed at USP Victorville on May 18, 2008 and which were also listed as "separatee(s)" from Mr. Rousseau or Myself at that time;

8

3.) Reports, data, notes etc... of SOS J. Moore, CONCERNING Mg safety allegedly having been in jeopardy prior to the May 18, 2008 incident which officer Moore informed ~~me~~ me he'd received information upon prior to the May 18, 2008 incident and stated: "I wish I'd locked you up over it because you wouldn't have been here (i.e. in I.C.U.) today."

## V.) Pervasive Violence.

1.) The number of assaults with weapons from January 2007 thru June 2008 at the USP Victorville;

2.) The number of assaults without weapons at the USP Victorville from January 2007 thru June 2008;

3.) The number of fighting incidents from January 2007 thru June 2008 at USP Victorville;

4.) The number of inmates housed in Administrative Detention between January and June of 2008 whom were victims of assault, threats, or otherwise endangered; At UOP Victorville FCC Complex

9

5.) The average daily number of inmates in USP Victorville SHU (or "housed" on FCC complex overflow) for the months of April, May and June 2008 who were on Administrative Detention for their own protection;

6.) All May thru October 2008 SHU roster(s) (computerized or otherwise), notes, log entries, etc... concerning myself; from FCC Victorville Complex;

7.) All May 2008 through October 2009 SHU roster(s) (computerized or otherwise), notes, log entries, etc... concerning John Rousseau; from FCC Victorville Complex (note: Mr. Rousseau was housed in overflow beds in SHU units other than the USP on FCC Victorville which may have additional records as well).

These are all the discovery materials I am requesting at this time. I hope to hear from you soon. Please, if you must, send me any materials you may timely obtain, if there is any delay(s) otherwise, and inform me of the delay instead of waiting. I hope to hear from you within the next few weeks. Thank you for your time and effort.

Sincerely, Derek A. Capozzi

Derek A. Capozzi, pro se

July 20, 2012

## VI. Affirmative Defenses.

Additionally, I hereby am requesting any/all discovery in the United States possession which may support, related to, or otherwise have any bearing upon its twelve listed Affirmative Defenses.

Finally, I believe the rules obligate me to ask if you wish to settle this matter at this stage. I am not sure how this goes. I am sure of my injuries and what I've gone through during and since this incident. I would like to show you my damages and scars and explain the pain and suffering I've gone through. I would like to discuss all of these things so you would understand more. I cannot begin to describe what it's like to have your sternum literally cracked in half or knives plunged through your chest, heart, neck, face, arms and hands. Also, the anger it causes to replay an assailant strolling through a metal detector and guards just ignoring it being set off, then being suddenly attacked by that person and nearly dying (I did die several times and was revived), is just too much to explain. But these are points to consider if settlement is supposed to be discussed like the rules said.

Please let me know of any reasonable offer you wish to make. I must get surgery (and take medicine for life too) again on my heart to repair a hole still. I have the records too. Sincerely, [signature]

Derek A. Ceppos#
Fayette County Detention Center
600 Old Frankfort Circle
Lexington KY
                    40510

LFUCG - DEV. OF COMM. CORR.
600 Old Frankfort Circle
Lexington, KY 40510

RECEIVED
CLERK, U.S. DISTRICT COURT

AUG - 6 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

FIRST CLASS

Hasler

018H265Z2643
$10.40 0
08/03/2012
Mailed From 40507
US POSTAGE

Hon. David T. Bristow
U.S. Magistrate Judge
U.S. District Court for The
Central District of California
3470 11th Street : Room 134
Riverside, CA
                    92501