ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
ERIKA JOHNSON-BROOKS
Assistant United States Attorney
California Bar Number: 210908
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-0474
    Facsimile: (213) 894-7819
    Erika.Johnson@usdoj.gov

Attorneys for Federal Defendant
United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK A. CAPOZZI,<br><br>    Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | No. EDCV 10-00239 AHM (DTB) |

**FEDERAL DEFENDANT'S APPLICATION FOR A PROTECTIVE ORDER AND IN RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

## I. INTRODUCTION AND STATEMENT OF FACTS

On August 6, 2012, Plaintiff Derek A. Capozzi ("Plaintiff") filed a Motion For a Privilege Log and Motion for Court Order To Compel The United States to Provide Discovery ("Motion") requested in his discovery letters of June 15, 2012, June 19, 2012, and July 20, 2012.[1] In the Motion, Plaintiff requests any and all documents including, but not limited to, notes, letters, investigations, pictures, memorandums submitted by institution staff, and witness interviews concerning the alleged assault on Plaintiff which occurred at the United States Penitentiary located in Victorville, California ("USP Victorville") on May 18, 2008; any and all incident and investigation reports prepared regarding the alleged assault; any video surveillance from May 18, 2008 capturing the alleged assault; current post orders and policies regarding monitoring of units and metal detectors; and post orders and policies regarding monitoring of units and metal detectors from May 18, 2008.

On July 20, 2012, Defendant provided Plaintiff with 1026 pages of discovery and objections to his requests one and two.[2] Defendant requests that certain documents requested by Plaintiff be protected as disclosure of these documents would impinge on the privacy rights of inmates and could threaten the safety and security of the inmates and the population at the Metropolitan

---

[1] Plaintiff did not comply with Central District Local Rule 37-1 before filing the Motion to Compel.

[2] Defendant did not receive a discovery letter, dated July 20, 2012.

Detention Center-Los Angeles ("MDCLA"). This sensitive information includes, but is not limited to, documents and notes, which provide information about other inmates housed within the federal prison system, and information regarding security procedures in USP Victorville. Such information is not public and sensitive, and must not be disseminated given that USP Victorville is a correctional institution which houses high security inmates.

## II. DOCUMENTS SUBJECT TO PROPOSED PROTECTED ORDER

Defendant requests that the following documents be protected pursuant to a Court Order:

a. Current Post Orders being provided in response to Requests for Production of Documents No.10 (set one) and Nos. 3, 8, 9, 10, 11, 15, 16, 17 (set two).

b. Statistics from USP Victorville being provided in response to Request for Production of documents Nos. 1, 2, 8, 9, 15, 16, 17 (set two).

c. Tort Claim File being provided in response to Request for Production of documents Nos. 4, 5, 9, 15, 16, 17 (set two).

d. SIS file provided in response to Request for Production of documents Nos. 3, 4, 6 (set one) and Nos. 4, 5, 6, 9, 10, 11, 12, 13, 14, 15, 16, 17 (set two).

Defendant further requests that the proposed protected documents described above will only be provided to Plaintiff by a Court Order which will include the following terms and conditions:

a. Defendant will identify the documents that are being

provided subject to this protective order;

    b.   The protected documents shall be maintained by Plaintiff in accordance with this Order, and shall be used by Plaintiff solely and exclusively in connection with this case and for no other purpose;

    c.   A copy of this Order shall be kept with the protected documents at all times;

    d.   Plaintiff may view the protected documents only for the purpose of litigating this case, and a copy of the protected documents shall not be provided to any other inmate or person (other than Plaintiff's attorney should he retain one) for any reason[3];

    e.   Other than for use during this litigation, the protected discovery will not be disclosed to anyone who is not assigned to, or directly involved in, the preparation of litigating this case;

    f.   If Plaintiff summarizes or discloses the protected documents or its content in a court document of any kind, such document will be filed under seal;

    g.   Within 30 days of the conclusion of this matter (including appeal), Plaintiff will return the protected discovery to the United States Attorney's Office for the Central District of California, Civil Division; and

---

[3] Plaintiff is currently on a writ to a Kentucky county jail; thus, Defendant requests that these documents not be produced to him until he returns to a Bureau of Prisons ("BOP") facility.

-3-

h.   Any Plaintiff's counsel in this matter will be bound by this protective order.

Defendant also requests that any video surveillance tape discovered to be relevant in this matter be protected by Court Order as well.  Defendant requests that such video be provided to Plaintiff only when he returns to a BOP facility so that the video tape can be kept and maintained by a BOP staff member (to be determined upon Plaintiff's return to a BOP facility). Defendant requests that Plaintiff may only view the video upon request to BOP staff and that Plaintiff only be allowed to view the video tape on no more than two (2) occasions.  Defendant also requests that the proposed video be protected pursuant to the same conditions as outlined in paragraphs a- h above.

### III.  **GOOD CAUSE EXISTS FOR A PROTECTIVE ORDER**

As set forth above, Plaintiff requests documents concerning the alleged assault on him, including but not limited to, witness interviews, video surveillance, and current post orders and policies regarding the monitoring of units and metal detectors. Such information regarding other inmates housed within the federal prison system and security procedures in USP Victorville impinge on the privacy rights of the inmates and pose a security risk to these inmates as well as to USP Victorville which houses high security inmates.

The Supreme Court has instructed that discovery "may seriously implicate privacy interests of litigants and third parties" and has specifically approved protective orders limiting dissemination of such information.  Seattle Times Co. v.

-4-

Rhinehart, 467 U.S. 20, 33, & n.19, 34 (1984). Because the witness interviews requested contain names and other unique identifiers of inmates, they are protected by the Privacy Act, 5 U.S.C. § 552a. While Privacy Act-protected records are unquestionably discoverable if ordered by a court, the fact that records are protected by the Privacy Act warrants consideration of such "traditional devices as protective orders" to protect the privacy interests underlying the Act. See, e.g., Laxalt v. McClatchy, 809 F.3d 885, 889 (D.C. Cir. 1987). In the instant case, without a protective order, the release of any inmates' names would infringe upon their privacy rights.

In addition, "where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur." Fields v. Banuelos, 2012 WL 2888734 at *1 (E.D. Cal. July 13, 2012); see also Garcia v. Clark, 2012 WL 1232315 at *6 n. 5 (E.D. Cal. Apr. 12, 2012)(noting inmates entitlement to inspect discoverable information can be accommodated in ways that mitigate institutional safety); Robinson v. Adams, 2012 WL 912746 at *2-3 (E.D. Cal. Mar. 16, 2012)(issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, 2012 WL 761355 at *1-2 (E.D. Cal. Mar. 7, 2012)(discussing requests for protective order and for redaction to minimize risk of safety and security of inmates or the institution if released). Where, as here, Plaintiff seeks current post orders and policies regarding

the monitoring of units and metal detectors at USP Victorville, such information is highly sensitive given that current inmates pass through these same metal detectors every day and any public knowledge of such procedures and policies would greatly jeopardize the security of the prison.

### IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests a protective order for the documents requested by Plaintiff, as specifically detailed in Section II above.

DATED: August 28, 2012          Respectfully submitted,

                                        ANDRÉ BIROTTE JR.
                                      United States Attorney
                                      LEON W. WEIDMAN
                                      Assistant United States Attorney
                                      Chief, Civil Division

                                      /s/ Erika Johnson-Brooks
                                      ERIKA JOHNSON-BROOKS
                                      Assistant United States Attorney
                                      Attorneys for Defendant