United States District Court
District Of California - Central

Derek A. Capozzi, Plaintiff

v.                    Case No. EDCV 10-00239-AHM(DTB)

United States Of America, Defendant

Motion For Court To Conduct In Camera Review Of All Documents Defendants' Protective Order Pertains To for Appropriateness —

On August 28, the Defendants sought a "Protective Order" listing four categories of documents, but relegated within those four categories, every single discovery document which has been requested in the case by the Plaintiff, or is to be discoverable at all.[1]
Furthermore, this entire case is

---

[1] With the exception of Plaintiffs (highly personal) medical records which the Defendants are comfortable with disseminating to anyone and everyone, and public documents regarding BOP Policies that are already available to the general public and prisoners.

effectively "stayed" pending the unrelated and irrelevant criminal proceedings now pending against the Plaintiff in the state of Kentucky as not one slice of paper is permitted to be provided to this Plaintiff until his Kentucky case is finalized and he is sentenced and returned into the Federal Bureau of Prisons at some unknown time in the future.[1]

The Defendant has not provided any cause, let alone "good cause" to "stay" all of the discovery in this matter, thus "stay[ing]" all of the proceedings in this matter as a result. The Defendant does not possess any legal rights to "stay" the proceedings in a civil case for some bizzare grounds that it would prefer to provide discovery later on, when

---

[1] CJA counsel in Plaintiffs criminal matter is at this time filing a Petition for Certiorari in the U.S. Supreme Court with a Motion to Stay the lower court proceedings at this time. That motion could be allowed or denied, and Certi. review could take a month or a year. Plaintiff could be in B.O.P. custody in a month or could be there in a year as a result.

3

the Plaintiff is housed in another facility, at some unknown future time, that they like better for some unknown and unstated reason.

This Plaintiff asserts that the Defendants' request is made in bad faith. Plaintiff asserts that the Defendants are attempting to manipulate these proceedings in order to postpone this case.

This Plaintiff states that a very large quantity of discoverable materials described in his requests are <u>not</u> the subject of the type of Protective Order sought and received by them.

Plaintiff has agreed that a do not disseminate order was sufficient. There are many documents which have no rational basis for any Protection Order at all. Many others could easily be categorized on an individual and specific basis as "do not disseminate" documents (such as Post Orders). Other documents could easily be provided to Plaintiff with redactions, and the unredacted versions listed under either "do not disseminate" or a "Protective

Order as proposed in Plaintiff's Proposed Discovery Order, of September 2, 2012. (eg., a witness report that contains "Informant" information could easily be provided by redacting that informant's name only, and filing an unredacted version under the Protective Order, or Do Not Disseminate Order.

For example, ~~Statistical~~ Statistical numbers of episodes of violence sought is not properly the material for which a Protective Order is needed, or permitted. A piece of paper which states: "Assaults with weapon — 32 instances from January to July, 2008"? What rational basis could possibly exist for filing such documentation under any Protective Order? Another example; photograph(s) of the Plaintiff? A photograph of the weapon used? A photograph of the assailant after the incident? Officer eyewitness reports of the incident? Even police department police reports are public information your honor.

There's much more. The Plaintiff asserts that the golden umbrella the defendants just sought and received goes way too far and the Defendants need to establish "good cause" in a

5

narrowly <u>taylored</u> manner which is directed at a <u>specific</u> and <u>particularized</u> need on each <u>individualized</u> basis sought. To lump the <u>entire</u> case into four categories of files that every single document in the B.O.P. can fall under somehow or another and get blanket protection for all with no further review is a total abuse.

    Plaintiff asserts he has a <u>very</u> highly vested interest in protecting all of these documents contents from being used in any harmful way. This case is being prosecuted by the <u>plantiff</u>. He <u>needs</u> to protect his witnesses. This is <u>not</u> a criminal case where Plaintiff is a defendant and would seek to hurt any of the witnesses or his cases successfulness to prevail. It's the <u>opposite here</u>. An informant in this matter telling what he has seen or knows is like a holy grail to the Plaintiff! It is the <u>Defendants</u> whom such a person would have the most concern. This Plaintiff <u>needs</u> that witness — the Defendants need him to <u>not</u> testify.

    Also, come time for <u>trial</u>, it would be this Plaintiff who would be seeking a protective

6

Order seeking to seal such a witnesses testimony or deposition to protect them, and this Plaintiff will almost bet her life that these very same Defendants will object profusely to any such suggestion at that time.

Based upon the abusive nature in which the Protective Order is capable to (and is already) being subjected, Plaintiff respectfully asks that if this Order is not going to be reconsidered and reversed as requested in Plaintiffs' Reply Motion to the Protective Order (and related filings) then this Court is asked to review all documents filed, or going to be filed, under the Order In Camera to determine appropriateness, and whether and to what degree in each instance it can be specifically taylored and narrowed so that only neccessary and appropriate information itself alone is placed under this "Protective Order," or can be subjected to a lesser order.

Wherefore, Plaintiff asks this Motion for In Camera Review be allowed at this time.

Cert. of Service

I, Derek Capozzi, hereby state I've served upon Striker, Johnson + Brooks a copy of the foregoing motion by mail on this 4th day of September, 2012 at the Federal Bldg, Ste. 7516, 300 N. Los Angeles, Ste., LA, CA 90012,

Derek A. Capozzi

September 4, 2012.

Respectfully Submitted,

Derek A. Capozzi

Derek A. Capozzi, Pro Se

Derek A. Capozzi
600 Old Frankfort Circle
Lexington, KY 40510

OUTGOING MAIL
SEP 0 6 2012
FCDC

LEXINGTON KY 403
06 SEP 2012 PM 1 L

Honorable David T. Bristow
U.S. Magistrate Judge
U.S. District Court for The Central District
of California
3470 11th Street
Room 134
Riverside, California
92501

RECEIVED
CLERK, U.S. DISTRICT COURT
SEP 10 2012
CENTRAL DISTRICT OF CALIFORNIA
BY         DEPUTY