United States District Court
Central District of California

Derek A. Capozzi, Plaintiff

v.   Case #: EDCV 10-00239-AHM(DTB)

United States of America, Defendant



Status Report

This Court has ordered a Status Report shall be filed by each party "No later than September 11, 2012." (Doc. No. 59).

Plaintiff will herein attempt to address the case-status as requested:

(a.) "A summary of the proceedings to date and a statement of the principal issues raised by the case";

On July 20, 2012, the Defendants sent Plaintiff over 800 pages of his own personal medical file records, (which he already possessed) as well as nearly 200 pages of (three) BOP

Policy Statements, which are publically accessible in any law library.

The Plaintiff has filed four (4) substantive Discovery Request letters. One on June 15, one on June 19, one on July 20 and the last on August 8, 2012.

The Defendant has not yet responded to the latter two, and aside from the cited materials above, sent two Discovery Response letters declining to provide any other discovery requested in the first two letters, except possibly under a protective order. That was on July 20, 2012.

The Plaintiff filed a <u>Motion To Compel</u>, and a <u>Motion For a Privilege Log</u>, as a result, on August 6, 2012.

On August 28, 2012, The Defendant filed an Application For A Protective Order, and on September 2, 2012, Plaintiff filed a Reply to That Application For A Protective Order, and a request for a video or Tele-conference hearing to address these points.

These pleadings remain pending at this time.

The principal issues raised by this case

involve whether or not the Defendant, United States, through its employees at the USP Victorville, are responsible for the Plaintiff sustaining severe and life-threatening stab wounds due to their negligent and wrongful acts or omissions in failing to abide by post orders and/or other directives which set forth a course of action for monitoring the walk-through metal detectors and patrolling the open-areas and walkways of the prison during periods of mass inmate movement, which led to an armed inmate with a metal "shank" exiting his housing unit in the presence of a prison guard, walked through the metal detector and set it off but was not stopped or searched accordingly, and who then lingered around in an open area for several minutes before he

suddenly began to stab the Plaintiff, repeatedly, with the metal shank until guards were finally made aware of the incident occurring and rushed to the scene from other areas of the institution.

(b.) All parties have been served.

(c.) No other parties will be added and no amended pleadings are expected to be filed.

(d.) The discovery process thus far has been addressed in pgh. (a.) above.

(e.) The Plaintiff has no motions contemplated at this time. The only motions contemplated at this time are those described in pgh. (a.) above regarding discovery.

(f.) This case requires trial by judge. A trial on this case is expected to last approximately 2 to 3 days. To include opening, closing

and related trial motions/arguments.

(g.) Plaintiff attempted in his July 20, and August 8, 2012 discovery letter requests to engage in settlement discussions pursuant to Federal Rules of Civil Procedure. At this time the Defendant has not responded in any fashion. Plaintiff does not know of the "form(s) of settlement conference(s) or other method(s) of alternative dispute resolution(s) which exist and "that would be most appropriate given the nature of this case."

Plaintiff is willing to engage in a "settlement conference" or "dispute resolution" if the Defendant is willing to engage in meaningful discussions. It is possible that this could be further and better mediated with the help of an attorney. A request for an appointment of an attorney is also pending at this time.

Plaintiff seeks only to be fairly compensated, either way, for his damages -- which are substantial. Meaningful discussions would help this process.

(h.) "Any suggestions the parties wish to make regarding the management of this action"; (Order, Doc. 59, at pg 3-4)

Plaintiff respectfully submits that this case would best proceed in a streamlined fashion if discovery would be expeditiously provided, enabling Plaintiff to categorize the materials, prepare a trial outline and direct/cross examination outline, investigate and prepare for witness testimony and present all necessary documents for this Court to consider in an orderly manner.

Plaintiff truly doubts there will be any substantial motions, such as for Summary Judgment or To Dismiss which will need to be filed, unless the Defendant simply admits responsibility and Plaintiff moves for Summary Judgment through such admissions.

Plaintiff already knows the sought after directives exist and were in place in May of 2008. Plaintiff also knows those directives

were not followed. As a result, this case will pretty much have a 100% chance of proceeding to trial unless the Defendants engage in meaningful settlement talks.

Either way, dragging out the discovery process will serve no parties any justice and is a waste of time and money. Expeditious discovery would be best for all parties.

Plaintiff, therefore, suggests that full and prompt discovery being <u>ordered</u> would simplify and streamline the management of this case.

Finally, Plaintiff asks that this Court consider the actions of the Defendant as to declining to engage in settlement negotiations and dragging the discovery process through the mud

when the case is concluded and this Court must decide Awards; for either party.

Plaintiff Prays this Court finds this Status report is sufficient. Plaintiff has not ever done any such report previously. If it is lacking, please let Plaintiff know.

Respectfully Submitted,

/s/ Derek A. Capozzi
Derek A. Capozzi, pro se
F.C.D.C.
600 Old Frankfort Circle
Lexington, KY 40510

September 2nd, 2012

<u>Certificate Of Service</u>

I, Derek A. Capozzi, hereby state that I have served a copy of the foregoing motion upon AUSA Erika Johnson-Brooks, Federal Bldg, Ste 7516, 300 N. Los Angeles St. L.A. CA. 90012, by 1st Class Mail on this 2nd day of September, 2012.

Signed, /s/ Derek A. Capozzi
Derek A. Capozzi, Pro Se
F.C.D.C.
600 Old Frankfort Circle



Derek A. Capo331
F.C.D.C.
600 Old Frankfort Circle
Lexington, KY 40510

LFUCG - DIV. OF COMM. CORR.
600 Old Frankfort Circle
Lexington, KY 40510

RECEIVED
CLERK, U.S. DISTRICT COURT
SEP 10 2012
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

Hon. David T. Bristow
U.S. Magistrate Judge
U.S. District Court for the Central
District of California
3470 11th Street
Room 134
Riverside, California, 92501

FIRST CLASS
Hasler
016H2652264.3
$02.100
Mailed From 09/05/2012 40507
US POSTAGE